IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RANDY COMBS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. CIV-05- 474-JHP |
| | ) |
| SHELTER MUTUAL INSURANCE | ) |
| COMPANY, and SHELTER GENERAL | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Now before the Court is Plaintiff's Motion for Attorneys' Fees (Dkt.# 183), Defendants' Response to said motion, and Plaintiff's Reply. A hearing on this motion, as well as the pending Motion for Declaratory and Injunctive Relief (Dkt.# 114), was held on March 26, 2007. After consideration of all pleadings, exhibits and arguments of counsel the Court finds Plaintiff's Motion for Attorney's Fees is granted and Plaintiff's Motion for Declaratory and Injunctive Relief is denied.

Plaintiff is an authorized Shelter Insurance agent. Shelter included an amount paid in settlement of a bad faith claim brought by Shelter insureds as a "loss" charged against Plaintiff's agency, thereby depriving him of his bonus for two years.[1] Plaintiff filed the instant case against Shelter on

---

[1] Plaintiff also asserts his bonus for the upcoming year will be affected. However, the Court has previously determined this measure of damages is speculative because it is based upon

1

November 28, 2005, for damages sustained as a result of Shelter's calculation of his 2005 bonus commission. In his Complaint, Plaintiff asserted five separate causes of action, including a claim for breach of contract.

Both parties filed motions for summary judgment. Shelter requested judgment as a matter of law on all of Plaintiff's five causes of action which included breach of contract, fraud/constructive fraud/deceit, breach of fiduciary duty, breach of the implied covenant of good faith and fair dealing, and a request for declaratory and injunctive relief. Plaintiff requested partial judgment on his breach of contract claim.

On November 28, 2006, this Court denied Shelter's Motion for Summary Judgment in part and granted Plaintiff's Motion in part. This Court found, among other things, that Shelter's interpretation of the Agent Agreement was contrary to Oklahoma law and, therefore, Shelter was in breach of the contract. Since determination of the amount of Plaintiff's bonus commission under the Agent Agreement was purely a mathematical calculation, all issues related to Plaintiff's breach of contract claim were effectively decided by this Court's November 28, 2006 Order. Shelter paid Plaintiff his 2005 bonus commission, plus interest, on January 17, 2007.

On February 13, 2007, the Plaintiff's remaining claims against Shelter proceeded to trial. At the close of Plaintiff's evidence, Shelter moved for judgment as a matter of law. On February 16, 2007, this Court granted Shelter's motion.

On March 2, 2007, Plaintiff filed his Motion for

---

anticipated income.

Attorney's Fees and Costs. In response, Shelter submits Plaintiff's fee request should be denied for failure to satisfy his burden of presenting sufficiently detailed time records from which this Court might award a reasonable attorney's fee. Alternatively, Shelter argues, to the extent the Court is able, any award must be apportioned to include only that attorney time reasonably spent presenting the one fee-bearing issue to the Court. Finally, Shelter asserts an attorney fee award must also be in an amount that reasonably relates to the amount in controversy, or the amount Plaintiff recovered for breach of contract, and, in this case, be one without any "enhancement."

Oklahoma law governs the award of attorney fees as a matter of substantive law. *N. Tex. Prod. Credit Ass'n. v. McCurtain County Nat'l Bank*, 222 F.3d 800 (10th Cir. 2000); *Rockwood Ins. Co. v. Clark Equip. Co.*, 713 F.2d 577 (10th Cir. 1983). Shelter agrees that Plaintiff is entitled to request an attorney fee award pursuant to Okla. Stat. tit. 12, §936. The award of attorneys' fees to the prevailing party under this provision is mandatory. However, "the determination of reasonableness and amount of the fee award is generally left to the sound discretion of the district court." *Gamble Simmons & Co. v. Kerr-McGee Corp.*, 175 F.3d 762 (10th Cir. 1999).

A prime factor in arriving at a reasonable fee is whether time or billing entries submitted in support of a fee request provide sufficient detail to allow the court to consider the reasonableness of the claimed fees. In *State ex rel Burk v. Oklahoma City*, 589 P.2d 659 (Okla. 1979), the Oklahoma Supreme Court held that fee awards should be based on sufficiently detailed time records, thereby enabling courts to fix a

3

reasonable fee with mathematical certainty rather than by speculation.

Without sufficient detail, a court cannot determine the specific task performed and, therefore, whether that task is related to a fee-bearing issue.  Further, without sufficient detail, a court is unable to determine whether the time spent was reasonable or excessive to accomplish a task, i.e., whether the task was actually necessary.  The court must be able to determine exactly what is being performed.  See e.g., *Apache Corp., 356 F.Supp.2d 1246 (holding that an attorney fee request would be reduced because there was insufficient detail to support the time claimed)*.

Shelter asserts that "Plaintiff's experienced counsel were undoubtedly aware from the inception of this case that only one of five causes of action asserted would potentially bear attorneys' fees. However, review of the billing records presented clearly shows an obvious attempt to recover attorneys' fees for time related to non-fee bearing issues. Through the artifice of "block-billing" and task descriptions that are vague at best, the Plaintiff seeks to circumvent the rule of law that he is entitled to an award of attorney's fees on his breach of contract claim only, and not the other four causes of action."(Shelter's Response at 4). Shelter submits that Plaintiff's request for fees is properly denied in its entirety for failure to meet his burden of proof by submission of appropriately detailed time records." Alternatively, Shelter argues the Court must apportion any attorney fee award between the one fee-bearing claim versus the other four causes of action that do not bear attorney fees.

Oklahoma law prohibits attorney fee awards unless there

is an exception to the general rule that each party bears its own costs and fees – the "American Rule." Indeed, a cornerstone of American jurisprudence is that each side bears its own costs and fees. *Tibbetts v. Sight 'n Sound*, 77 P.3d 1042 (Okla. 2003). The Oklahoma Court of Civil Appeals recently reiterated,"Oklahoma remains 'firmly committed' to the American Rule." *Gever Bros. Equip. Co. v. Standard Res., L.L.C.*, 140 P.3d 563 (Okla. Civ. App. 2006).

In the instant case, there is a statutory exception to the American Rule for Plaintiff's breach of contract claim only. See, Okla. Stat. tit. 12, §936. However, Plaintiff's four other causes of action are not fee-bearing claims. Exceptions to the American Rule, including statutory exceptions, are narrowly defined and carved out with great caution. *Kay v. Venezuelan Sun Oil Co.*, 806 P.2d 648 (Okla. 1991). A trial court must be careful not to violate the well established American Rule by permitting a party to recoup fees for services devoted to the development of issues that are not fee-bearing. This is not a matter that is addressed to the trial court's discretion, but is a matter of law. *Id*.

Thus, where multiple claims are involved, the Court must carefully distinguish between fees for which there is a statutory basis, and those for which there is not; fees must be apportioned. *See, Tsotaddle v. Absentee Shawnee Hous. Auth.*, 20 P.3d 153 (Okla.Civ.App. 2001). Therefore, the Court must apportion the time spent by Plaintiffs' counsel on the one fee-bearing claim from the four causes of action that are not fee-bearing.

The overall consideration in an award of attorney's fees is reasonableness. In order to calculate a just, equitable

and fair attorney fee award, the trial court must first compute, on the record, the lodestar fee. *See Peters v. American Income Life Ins. Co.*, 77 P.3d 1090 (Okla. Civ. App. 2003). The "lodestar fee" is the base attorney fee computed as the reasonable number of hours times the reasonable hourly rate.[2] *See Atwood v. Atwood*, 25 P.3d 936 (Okla. Civ. App. 2003). Thus, this Court's constant focus should be whether the fee is reasonable.

The Tenth Circuit Court of Appeals has held that when calculating a reasonable attorney fee pursuant to Oklahoma statute, the court should consider (1) what services were performed, (2) which of those was necessary, (3) the value of those necessary services, and (4) what a reasonable fee for those services is. *Gamble v. Simmons & Co. v. Kerr-McGee Corp.*, 175 F.3d 762 (10th Cir. 1999).

In evaluating the necessity of time spent, the court should address whether the time spent was excessive or in duplication of another's efforts; excessive or duplicative time is clearly unnecessary. *See, e.g., Apache Corp.*, 355 F.Supp.2d 1246.

The Court finds Plaintiff is only entitled to an attorney fee award for time spent up to November 28, 2006. November 28, 2006, is the appropriate cut-off as this was the date the contract claim was resolved in Plaintiff's favor. Therefore, Plaintiff may not recover fees for services performed thereafter, with the exception of work performed on December 18, 2006 (work on Plaintiff's Response to Shelter's Motion to

---

[2] Shelter does not dispute the hourly rates set forth in Plaintiff's Motion for Attorney Fees.

Amend Order/ Certify/Reconsider), and work performed on the Attorney Fee Application. To allow an award of fees after the resolution of the fee-bearing claim on November 28, 2006, would violate the American Rule.

Work performed determining the appropriate causes of action to be asserted are compensable which includes the time prior to November 28, 2005, the date the Complaint was filed. Further review of the time records for time spent up to November 28, 2006, reveals only five entries that arguably provide detail sufficient to allow this Court to make a proper apportionment. Those entries are relatively clear that time was spent solely on the fee-bearing breach of contract issue. The hours set forth in Plaintiff's Supplemental Submission on Attorneys' Fees is also compensable. Therefore, the total of all work for which Plaintiff satisfied his legally required burden of proof is $14,126.25.00. In order to allow a greater amount, the Court would be forced to speculate and guess as to the amount of time that was actually spent on the fee-bearing breach of contract issue. *See* <u>State ex rel Burk v. Oklahoma City</u>, 598 P.2d 659 (Okla. 1979).

Plaintiff incorrectly asserts in his Motion for Attorneys' Fees and Costs that there should be no reduction in the lodestar amount, "because the Defendants prevailed on some claims which were interrelated to the claims upon which Plaintiff prevailed." In support of this assertion, Plaintiff cites and quotes <u>Chavez v. Thomas & Betts Corp.</u>, 396 F.3d 1088 (10th Cir. 2005). <u>Chavez</u>, however, is distinguishable because the case involves application of federal statutory law regarding attorney fee awards. Further, Oklahoma law is unequivocal: courts must apportion attorney fee awards to

compensate only for time spent on fee-bearing issues. *Stephenson v. Oneok Res. Co.,* 99 P.3d 717 (Okla. Civ. App. 2004)(holding that apportionment was proper where the plaintiffs' successful defense against the defendants counterclaim to collect on a charge due warranted attorney fees, but although plaintiffs' action for declaratory relief related to a contract for services, it was not an action to recover for services. Therefore, plaintiffs were not entitled to attorney fees pursuant to section 936 for prosecuting their claim for declaratory relief).

Further, Oklahoma's Court of Civil Appeals has expressly rejected the reasoning urged by Plaintiff.

> Although this Court recognizes that in some instances it is unnecessary to apportion attorney fees between successful and unsuccessful claims, [as the court should generally focus on a party's overall relief obtained,] a party nevertheless is not allowed attorney fees on claims unless permitted by statute. *Earlsboro Energies Corporation v. Arkla, Inc.*, No. CIV-87-1372-W (W.D. Okla. Dec. 23, 1987). RJB's punitive damages claims were tort claims. There is no statute for recovery of attorney fees in tort actions. Thus, the trial court should have apportioned attorney fees to eliminate those fees for the unsuccessful punitive damages claims. *See Sisney v. Smalley, 690 P.2d 1048 (Okla. 1984).*

*R.J.B. Gas Pipeline Co. v. Colorado Interstate Gas Co.,* 813 P.2d 1 (Okla. Civ. App. 1989). Further, as noted by Plaintiff's counsel, the Defendant's breach of contract is distinct and separate from the tort claims asserted which focused on the manner in which the contract was breached, not the breach itself (Plaintiff's Supplemental Submission on Attorneys' Fees at 4). There is no legal basis to grant the

8

attorney fees award sought by Plaintiff. *See also, State Bank & Trust v. First State Bank of Texas*, 242 F.3d 390 (Table), 2000 WL 1862690 (10th Cir.)(unpublished).[3]

Finally, Plaintiff is not entitled to an enhancement of the fee award. In addition to the attorney's fees sought, Plaintiff claims he is entitled to a 33% enhancement of the award "due to the nature of the case, complexity of issues, and success achieved." "An upward adjustment of the lodestar amount is permissible only in 'rare' and 'exceptional' cases and the fee applicant bears the additional burden of showing the adjustment is necessary." *State ex rel. Okla. Bar Ass'n v. Weeks*, 969 P.2d 347 (Okla. 1998) citing *Blum v. Stenson*, 485 U.S. (1984). In the instant case, the factors Plaintiff claims should result in a multiplier are properly covered by the reasonable number of hours spent multiplied by the reasonable rates charged.

Plaintiff also filed a Motion for Declaration of the Court and Injunctive Relief (Dkt.#114). On November 28, 2006, this Court entered its Order finding that Shelter's interpretation of "claim" in the Agent Agreement to include payments made for bad faith claims, and its practice following that interpretation, is contrary to Oklahoma law. Shelter has

---

[3] Additionally, the Court notes, "Oklahoma courts have long held that "attorneys' fees must bear some reasonable relationship to the amount in controversy." *Sw.Bell Tel. Co. v. Parker Pest Control, Inc.*, 737 P.2d 1186 (Okla. 1987). A reasonable attorney's fee in a given case does not necessarily result from simple multiplication of the hours spent time a fixed hourly rate." *Carkeek v. Ayer*, 613 P.2d 1013 (1980). In this case, Plaintiff has recovered approximately $45,000.00 of bonus commission he would have received had Shelter not included amounts paid in settlement of bad faith claims in his bonus calculation. He seeks a lodestar fee nearly three times his current recovery. He seek a total fee nearly four times that amount. A fee of $14,126.25 calculated after properly apportioning the fee and allowing a claim for those portions for which sufficient detail was found, does bear a reasonable relation to the amount recovered.

9

represented to this Court that it has decided to comply with this Court's Order without waiver of its appellate and contractual rights. Shelter has contacted all of its affected agents and states that each of them will receive a check to compensate for the bonus commission that would have been received but for Shelter's interpretation of the Agent Agreement.

An injunction prohibiting Shelter from engaging in conduct it has already ceased voluntarily will have no effect. Further, in light of Shelter's plan to fully compensate all its affected agents, there is no reasonable expectation such conduct will recur. The requested injunctive relief is therefore denied. *See* <u>United States v. W.T. Grant Co.</u>, 345 U.S. 629, 633 (1953)(holding case is moot where there is no reasonable expectation that a wrong will be repeated); <u>Comm. For the First Amend. v. Campbell</u>, 962 F.2d 1517, 1524)(10th Cir. 1992)(holding that where university students sought injunctive relief to allow a film to be shown on campus, an injunction was moot after the university allowed the film to be shown and adopted a policy to allow university facilities for constitutionally protected expression). Shelter's actions moot the issues of declaratory and injunctive relief. Further, the Court finds declaratory and injunctive relief in favor of agents outside Oklahoma is overly broad.

Accordingly, Plaintiff's Motion for Attorney fees is granted in the amount of $14,126.25. Plaintiff's Motion for Costs is denied as premature. Plaintiff's Motion for Declaratory and Injunctive Relief is denied.

**IT IS SO ORDERED this 10th day of April 2007.**

_James H. Payne_
United States District Judge
Eastern District of Oklahoma