IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

RANDY COMBS,  )
 )
 )
    Plaintiff,  )
 )
    v.  )  No. CIV-05-474-JHP
 )
SHELTER MUTUAL INSURANCE  )
COMPANY, and SHELTER GENERAL  )
INSURANCE COMPANY,  )
 )
    Defendants.  )

## ORDER

Now before the Court is Defendant's Motion Requesting District Court Review of Court Clerk's Order Taxing Costs in Favor of Plaintiff (Dkt.# 224), and Defendants' Response to said motion.

Plaintiff is an authorized Shelter Insurance agent. Shelter included an amount paid in settlement of a bad faith claim brought by Shelter insureds as a "loss" charged against Plaintiff's agency, thereby depriving him of his bonus for two years.[1] Plaintiff filed the instant case against Shelter on November 28, 2005, for damages sustained as a result of Shelter's calculation of his 2005 bonus commission. In his Complaint, Plaintiff asserted five separate causes of action, including a claim for breach of contract.

---

[1] Plaintiff also asserted his bonus for the upcoming year would be affected. However, the Court previously determined this measure of damages was speculative because it was based upon anticipated income.

1

Both parties filed motions for summary judgment. Shelter requested judgment as a matter of law on all of Plaintiff's five causes of action which included breach of contract, fraud/constructive fraud/deceit, breach of fiduciary duty, breach of the implied covenant of good faith and fair dealing, and a request for declaratory and injunctive relief. Plaintiff requested partial judgment on his breach of contract claim.

On November 28, 2006, this Court denied Shelter's Motion for Summary Judgment in part and granted Plaintiff's Motion in part. This Court found, among other things, that Shelter's interpretation of the Agent Agreement was contrary to Oklahoma law and, therefore, Shelter was in breach of the contract.[2] Since determination of the amount of Plaintiff's bonus commission under the Agent Agreement was purely a mathematical calculation, all issues related to Plaintiff's breach of contract claim were effectively decided by this Court's November 28, 2006 Order. Shelter paid Plaintiff his 2005 bonus commission, plus interest, on January 17, 2007.

On February 13, 2007, the Plaintiff's remaining claims against Shelter proceeded to trial. At the close of Plaintiff's evidence, Shelter moved for judgment as a matter

---

[2] Specifically, the Court found Shelter was attempting to recoup an amount it paid to settle its insured's bad faith claim without proving the agent was responsible for the bad faith claim, in negligence or otherwise. Shelter was relying on a contract between Shelter and its agent to recoup a bad faith payment to its insured, without proving active fault on the part of the agent. *In re Cooper Manufacturing Corp. v. Home Indemnity Co., 182 F.3d 931 (10th Cir. 1999)(only proof of an agent's "active fault" resulting in the insurer's liability to the plaintiff insured may entitle the insurer to indemnity); St. Paul Reinsurance Co., Ltd. v. Club Services Corp., 30 Fed. Appx. 834, 836 (10th Cir. (Okla.)(2002)(an agent must exercise ordinary care in the discharge of his duties, but an insurer must ultimately prove the agent was "responsible," for the insured's bad faith claim, that the agent's negligence "caused" the damages relating to the bad faith claim).*

of law. On February 16, 2007, this Court granted Shelter's motion.

On March 2, 2007, Plaintiff filed his Motion for Attorney's Fees and Costs. The Court apportioned the attorney fee award *based on* the time spent by Plaintiffs' counsel on the one fee-bearing claim from the four causes of action that were not fee-bearing, and further found Plaintiff was only entitled to an attorney fee award for time spent up to November 28, 2006. November 28, 2006, was the appropriate cut-off as this was the date the contract claim was resolved in Plaintiff's favor. Defendant now requests this Court to review the Court Clerk's Order Taxing Costs in favor of Plaintiff based on the same rationale.

The Court finds the Court Clerk's taxation of costs against Defendant in favor of Plaintiff in the amount of $7,454.01, should be reduced in the amount of $4,995.47 for a net award of $2,458.54. *See* Wheeler v. John Deere Company, *986 F.2d 413 (10th Cir. 1993)(Court has discretionary power to deny or apportion costs) citing* Georgia Ass'n of Retarded Citizens, *855 F.2d at 800 and n.7 (citing generally Charles A. Wright, Arthur R. Miller & Mary K. Kane, 10 Federal Practice and Procedure §2668 (1983); 6 James W. Moore, et al., Moore's Federal Practice ¶54.70[5] (1988)).* The amount of $4,995.47 represents costs incurred after the November 28, 2006 summary judgment ruling in favor of the Plaintiff. Defendants were the prevailing parties on all issues that proceeded to trial. (Judgment, Dkt.# 191).

**IT IS SO ORDERED this 28th day of February, 2008.**

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma

3